﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190404-7928
DATE: September 26, 2019

ORDER

Readjudication of the claim of service connection for an acquired psychiatric disorder is not warranted.

FINDING OF FACT

Evidence received since the October 2018 rating decision is not new and relevant to the issue of entitlement to service connection for an acquired psychiatric disorder.

CONCLUSION OF LAW

New and relevant evidence sufficient to readjudicate the claim for entitlement service connection for an acquired psychiatric disorder has not been received. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in February 2019. In January 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty in the United States Army from January 2004 to March 2004, from May 2005 to November 2005 and from January 2011 to March 2011. The Veteran selected the Supplemental Claim lane when she opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the February 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The new and material evidence issue regarding the claimed acquired psychiatric disability has been recharacterized to reflect the applicable evidentiary standard. 84 Fed. Reg. 138, 172, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 3.2501(a)(1), 19.2).

New and Relevant Evidence

Whether new and relevant evidence was presented to warrant readjudicating the claim of service connection for acquired psychiatric disorder 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

Here, the Veteran’s claim for service connection for an acquired psychiatric disorder was denied in rating decisions issued in April 2014, August 2015, and October 2018. In each instance, the Veteran’s claim was denied because there was no evidence that her acquired psychiatric condition was caused by or related to her active service. The Veteran was notified of each decision and of her appellate rights, but in each instance, she did not submit a notice of disagreement. Therefore, each rating decision of record became final, with the October 2018 rating decision being the last prior final decision. 

Evidence received since the October 2018 rating decision includes VA treatment records associated with the claims file in February 2019. 

The Board finds that the evidence is new, because it was not previously before the agency decision makers. However, the evidence is not relevant because these records do not relate to the issues of an in-service occurrence or nexus. Instead they confirm that the Veteran has diagnoses of depression and anxiety, which has already been established. Accordingly, new and relevant evidence has not been received in order to readjudicate the Veteran's claim for entitlement to service connection for an acquired psychiatric disorder. 

Thus, the Veteran's petition to readjudicate her claim for entitlement to service connection for an acquired psychiatric disorder is denied. 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Marsh II, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.